UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| GAYLA A. MOATES, | * | |
| --- | --- | --- |
| | * | JURY DEMAND |
| Plaintiff, | * | |
| | * | NO. _____ |
| vs. | * | |
| | * | |
| HAMILTON COUNTY, TENNESSEE, | * | |
| HAMILTON COUNTY REGISTER | * | |
| OF DEEDS OFFICE, and | * | |
| PAM HURST, REGISTER OF | * | |
| DEEDS, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

Comes Gayla A. Moates ("Plaintiff"), through her attorneys, and sues Hamilton County, the Hamilton County Register of Deeds Office, and Pam Hurst, the Register of Deeds ("Defendants") for violations of her civil rights pursuant to 42 U.S.C. § 1983 and unlawful employment actions pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the Tennessee Disability Act ("TDA"), Tenn. Code Ann. § 8-50-103, *et seq.*, and Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-301, *et seq.* Plaintiff would show unto the Court as follows:

### I. JURISDICTION

1.  This Court has subject matter jurisdiction over Plaintiff's § 1983 claims and FMLA claims, which present federal questions pursuant to 28 U.S.C. §1331.

2.  The actions giving rise to this Complaint occurred in Hamilton County, Tennessee, and venue is proper in this district pursuant to 28 U.S.C. §1391.

43041                                    1

3.  The Court has supplemental jurisdiction over Plaintiff's TDA and THRA claims pursuant to 28 U.S.C. § 1367.

## II. NATURE OF PROCEEDING

4.  This is a proceeding for back pay; reinstatement or front pay in lieu of reinstatement; the value of all employee benefits; compensatory damages, including damages for humiliation and embarrassment; interest; attorney fees and costs; and for such additional damages as may be necessary to effectuate the purposes of 42 U.S.C. § 1983, the TDA, and the THRA.

## III. THE PARTIES

5.  Plaintiff is a resident of Hamilton County, Tennessee.

6.  Defendants Hamilton County, Tennessee, the Hamilton County Register of Deeds Office, and Pam Hurst were acting under color of law so as to subject them to the provisions of 42 U.S.C. § 1983 and are each an "employer" within the meaning of Tenn. Code Ann. §§ 4-21-102(5) and 8-50-103(b), so as to subject the Defendant to the provisions of the TDA and THRA.

## IV. FACTUAL BASIS OF PLAINTIFF'S CLAIMS

7.  Plaintiff was employed as a Deputy Clerk in the Hamilton County Register of Deeds office from approximately August of 1997 to November of 2010. Plaintiff's job duties included but were not limited to organizing files, typing, and answering the phone.

8.  Plaintiff has been diagnosed with and receives treatment for rheumatoid arthritis and is over the age of 40.

9.  In the fall of 2009 and spring of 2010, Plaintiff was having eye problems related to her rheumatoid arthritis which necessitated visits to doctors. Defendant Hurst ("Defendant") indicated in a review of Plaintiff's performance that her "stories" about doctor's visits were

becoming more unbelievable even though Plaintiff had documentation related to her doctor's appointments.

10. In the spring of 2010, Defendant assigned extra work to Plaintiff and indicated that if Plaintiff could not complete it because of her eye problems, Plaintiff would need to find "part-time" work.

11. Also in 2010, Defendant called Plaintiff into her office and indicated that even though Defendant could not allow Plaintiff to attend the county's "retirement meeting," Defendant was "sure" that Plaintiff would qualify for "disability." Plaintiff had never indicated any interest in attending a county "retirement meeting" or seeking "disability."

12. In 2010, Plaintiff's co-workers reported to Plaintiff that Defendant had commented that Plaintiff needed to be planning for retirement.

13. On or about August 19, 2010, Plaintiff underwent surgery for damage to her rotator cuff that was both caused and exacerbated by Plaintiff's rheumatoid arthritis. Plaintiff's recuperation was also complicated by her rheumatoid arthritis.

14. Before Plaintiff's surgical procedure, when Plaintiff informed Defendant that her doctor was estimating a lengthier recovery timeline than Defendant had anticipated, Defendant responded in a negative tone.

15. On or about November 11, 2010, Plaintiff's doctor released her to return to work with some restrictions, including instructions to attend physical therapy twice a week. Plaintiff notified Defendant that she was ready to return to work.

16. On or about November 15, 2010, Defendant told Plaintiff that she would have to "dock" her pay to reflect any time that she missed for physical therapy; however, Plaintiff explained that she would not use the work day to attend therapy and was ready to return to work.

17. On the next day or shortly thereafter, Defendant informed Plaintiff that she was terminated. When Plaintiff asked Defendant for an explanation, Defendant stated only that Plaintiff's presence would "disrupt the office." Defendant refused to exchange further information regarding Plaintiff's restrictions.

18. As reflected in an article published in the *Chattanooga Times Free Press* on January 28, 2011, Defendant stated in a public meeting that her office has not adopted and does not adhere to Hamilton County's human resources guidelines, including guidelines governing the ADA and disability discrimination.

19. Plaintiff has filed a charge of discrimination with the EEOC.

## V. PLAINTIFF'S CLAIMS

**COUNT I:** Fifth and Fourteenth Amendments; 42 U.S.C. § 1983

20. Acting under color of law, Defendants deprived Plaintiff of her right to due process, secured by the Fifth and Fourteenth Amendments of the U.S. Constitution, in violation of 42 U.S.C. § 1983 when Defendants terminated Plaintiff's employment without meaningfully or interactively investigating whether Plaintiff could continue to perform her job despite her disability.

21. Defendants also deprived Plaintiff of her right to equal protection under the law, secured by the Fourteenth Amendment of the U.S. Constitution, in violation of 42 U.S.C. § 1983, when Defendant terminated Plaintiff's employment because of her age and disability without any rational basis for doing so.

22. The Defendants had personal involvement in the wrongs committed against the Plaintiff.

23. The Defendants were actually aware of the unlawful policies and practices involved and acquiesced to an extent that amounted to a policy decision.

24. As a result of Defendants' constitutional violations, Plaintiff has lost (and continues to lose) salary, benefits, seniority, and the career to which she had devoted a substantial portion of her working life. She has also suffered considerable humiliation, embarrassment and emotional harm.

**COUNT II:** Tennessee Disability Act, Tenn. Code Ann. § 8-50-103

25. Plaintiff was terminated from her position because of her disability, in violation of Tennessee Code Ann. § 8-50-103, *et seq.*

26. In the alternative, Plaintiff was terminated from her position because she had a record of a disability or was perceived as having a disability, in violation of Tennessee Code Ann. § 8-50-103, *et seq.*

27. As a result of this termination, Plaintiff has lost (and continues to lose) salary, benefits, seniority, and the career to which she had devoted a substantial portion of her working life. She has also suffered considerable humiliation, embarrassment and emotional harm.

**COUNT III:** Alternative Claim: Age Discrimination under the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401, *et seq.*

28. In the alternative to Plaintiff's Tennessee Disability Act claim, Plaintiff was terminated from her position because of her age, in violation of Tennessee Code Ann. § 4-21-401, *et seq.*

29. In the alternative, but for Plaintiff's age, she would not have been terminated, which violates Tennessee Code Ann. § 4-21-401, *et seq.*

30. As a result of this termination, Plaintiff has lost (and continues to lose) salary, benefits, seniority, and the career to which she had devoted a substantial portion of her working life. She has also suffered considerable humiliation, embarrassment and emotional harm.

**COUNT IV:** Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

31. Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2615(a)(1).

32. Defendant unlawfully terminated Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

33. As a result of this interference and termination, Plaintiff has lost (and continues to lose) salary, benefits, seniority, and the career to which she had devoted a substantial portion of her working life. She has also suffered considerable humiliation, embarrassment and emotional harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That the Court issue and serve process on Defendant and require Defendant to answer within the time prescribed by law;

b. That Plaintiff be awarded all damages as allowed for the violations of 42 U.S.C. § 1983;

c. That upon hearing of this cause Plaintiff be awarded judgment for damages as a result of Defendant's discriminatory action;

d. That the Court issue an injunction requiring Defendant to re-employ Plaintiff at an equivalent job with all employment rights and benefits to which she would have been entitled but for her discharge, and without harassment or illegal condition imposed on her job, or, in the alternative, front pay and benefits in lieu of reinstatement;

e.  That Plaintiff be awarded compensatory damages, including damages for humiliation and embarrassment, and emotional distress;

f.  That Plaintiff be awarded pre-judgment interest;

g.  That Plaintiff be awarded punitive damages;

h.  That Plaintiff be awarded attorney fees, including fees allowable under 42 U.S.C. § 1988(b), and such other and further relief as the Court deems proper; and

i.  Plaintiff demands a jury to try all claims and issues triable by a jury.


BURNETTE, DOBSON & PINCHAK

By: _s/ William H. Payne, IV_
Harry F. Burnette, #004803
Donna J. Mikel, #02077
William H. Payne, IV, #029509
Attorneys for Plaintiff
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324